■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REYNALDO MIRANDA, Appellant.—Judgment, Supreme Court, Bronx County (George Covington, J.), rendered June 11, 1987, convicting defendant of three counts of rape in the first degree in violation of Penal Law § 130.35 (1); one count of unlawful imprisonment in the first degree in violation of Penal Law § 135.10; and one count of criminal possession of a weapon in the fourth degree in violation of Penal Law § 265.01 (2) and sentencing him to 12½ to 25 years in prison on each of the

rape counts; 2 to 4 years on the unlawful imprisonment count and 1 year on the unlawful possession of a weapon count, all sentences to run concurrently, unanimously reversed, on the law, and the matter remanded for a new trial.

Defendant was convicted of the rape of a woman who lived with his brother and bore his brother's children. During the trial the defense attempted to show that the defendant had accused the complainant, in his brother's presence, of being unfaithful to his brother and of going out with another man. After a hearing outside of the jury's presence, the trial court concluded that the evidence should not be admitted. The evidence which was admitted was that there was a "problem" between the complainant and the defendant. The exclusion of this evidence, offered to show the complainant's hostile feelings and to establish a possible reason for fabrication, was error. *(People v Hudy,* 73 NY2d 40, 56-57 [1988].) Such evidence "tending to establish a reason to fabricate is never collateral and may not be excluded on that ground". (73 NY2d, *supra,* at 56.)

In opposing the offer of evidence of the defendant's accusation, the People contended that if it were admitted, evidence of an incident where the defendant allegedly threatened the complainant with an ice pick after she allegedly accused him of putting a cigarette in a flower pot, should also be admitted. Suffice it to say that the People did not charge the defendant with that criminal act. It would be improper to condition the admission of the defendant's accusation against the complainant upon the court permitting the People to bring out the ice pick incident. Concur—Murphy, P. J., Ross, Asch, Kassal and Smith, JJ.